1  D. EDWARD HAYS, #162507
   ehays@rusmiliband.com
2  RUS, MILIBAND & SMITH
   A Professional Corporation
3  Seventh Floor
   2211 Michelson Drive
4  Irvine, California 92612
   Telephone:  (949) 752-7100
5  Facsimile:  (949) 252-1514

6  Attorneys for Chapter 7 Trustee
7  KAREN S. NAYLOR

8
9              UNITED STATES BANKRUPTCY COURT
10        CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION
11

| | |
|---|---|
| In re: | CASE NO. 8-07-bk-10992-RK |
| CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, INC., a California corporation, COASTAL EMPLOYERS, INC., a New York corporation, and COASTAL EMPLOYERS, INC., a California corporation, | ADVERSARY NO.<br><br>(Jointly Administered and Substantively Consolidated with Case No. 8-07-10994-RK and Case No. 8-07-10995-RK) |
| Debtors. | |
| KAREN NAYLOR, Chapter 7 TRUSTEE | Chapter 7 |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | 1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS;<br>2) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS;<br>3) BREACH OF CONTRACT;<br>4) COMMON COUNTS; AND<br>5) DISALLOWANCE OF CLAIMS |
| ROBERT J. ANDERSON, JR., an individual; ROBERT J. ANDERSON, SR., an individual; ANDERSON EXECUTIVE AIR, INC., a New York corporation; GRESHAM INSURANCE BROKERS LIMITED, a foreign business corporation qualified to do business in New York; GRESHAM MARINE SERVICES, INC., a New York corporation; GRESHAM NORTH AMERICAN, CORP., a New York corporation fka LONDON MARKET, INC.; NEXUS NETWORK, LLC, an unknown entity; RJ ANDERSON (LONDON) LIMITED, an unknown entity; ROBERT J. ANDERSON, INC., a New York corporation; SUMMIT PARK, LLC, a New | |

1

York limited liability company; VILLAGE MOTORS, an unknown entity; AMS, INC., an unknown entity; APE, INC., a New York corporation; JENNIFER ANDERSON; JUDITH ANDERSON; JOHN DOLIAS, an individual; ANTHONY PIAZZA, an individual; MERCATOR MARINE CO., LTD, an unknown entity; TURBOPROP EAST, INC., a Massachusetts corporation qualified to do business in New York; GENERAL HERKIMER, CORPORATION, a New York corporation; BAYVIEW LABOR ORGANIZATIONAL BENEFITS, INC., a California corporation; ASKEW KABALA & COMPANY, INC., a California corporation;

Defendants.

Plaintiff, Karen S. Naylor in her capacity as Chapter 7 Trustee of the above-entitled substantively consolidated estates, alleges as follows:

## JURISDICTIONAL ALLEGATIONS

1. The instant case was commenced on April 4, 2007, by the filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court, Central District of California, Santa Ana Division. The case converted to a Chapter 7 proceeding on November 14, 2007.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 (b).

3. This action is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), (E), (F), (H), and (O). This proceeding is related to the substantively consolidated bankruptcy cases of Consolidated Employer Management Solutions, Inc., a California corporation; Coastal Employers, Inc., a New York corporation; and (c) Coastal Employers, Inc., a California corporation pursuant to the authority vested by 28 U.S.C. § 157(a). The United States District Court for the Central District of California has referred all proceedings under the Bankruptcy Code, or arising or related to a case therein, to the bankruptcy judges for this District pursuant to General Order 266.

2

## VENUE

4. Under the provisions of 28 U.S.C. §§ 1408 and 1409, venue of this proceeding is proper in this court.

## PARTIES

5. Plaintiff is the duly appointed and acting Chapter 7 Trustee of the above-entitled estate under 11 U.S.C. § 702 ("Plaintiff" and/or "Trustee").

6. At all times hereinafter mentioned, Consolidated Employer Management Solutions, Inc., (hereafter "CEMS") was and is a corporation organized under the laws of the State of California, with offices located in Orange County, California and Oriskany, New York.

7. At all times hereinafter mentioned, Coastal Employers, Inc., a California corporation ("Coastal California"), was and is a corporation organized under the laws of the State of California, with offices located in Orange County, California.

8. At all times hereinafter mentioned, Coastal Employers, Inc., a New York corporation ("Coastal New York"), was and is a corporation organized under the laws of the State of New York with offices located in Oriskany, New York.

9. CEMS, Coastal California and Coastal New York are sometimes collectively referred to as the "Debtors."

10. Defendant, ROBERT J. ANDERSON, JR. ("RJA"), is an individual that resides in California and New York.

11. Defendant, ROBERT J. ANDERSON, SR. ("SR"), is an individual that resides in New York.

12. Defendant, ANDERSON EXECUTIVE AIR, INC., a New York corporation ("Anderson Executive Air"), was and is a corporation organized under the laws of the State of New York.

13. Defendant, GRESHAM INSURANCE BROKERS LIMITED ("Gresham Insurance Brokers"), was and is a foreign business corporation qualified to do business in New York.

3

14. Defendant, GRESHAM MARINE SERVICES, INC., a New York corporation ("Gresham Marine") was and is a corporation organized under the laws of the State of New York.

15. Defendant, GRESHAM NORTH AMERICAN, CORP., a New York corporation fka LONDON MARKET, INC. ("Gresham North American" and/or "GNA"), was and is a corporation organized under the laws of the State of New York.

16. Defendant, NEXUS NETWORK, LLC ("Nexus") is an unknown business entity.

17. Defendant, RJ ANDERSON (LONDON) LIMITED ("London"), is an unknown business entity.

18. Defendant, ROBERT J. ANDERSON, INC., a New York corporation ("RJA Inc."), was and is a corporation organized under the laws of the State of New York.

19. Defendant, SUMMIT PARK, LLC, a New York limited liability company ("Summit Park") was and is a limited liability company organized under the laws of the State of New York.

20. Defendant, VILLAGE MOTORS, an unknown entity ("Village Motors") is an unknown business entity.

21. Defendant, AMS, INC., an unknown entity ("AMS"), is an unknown business entity.

22. Defendant, APE, INC., a New York corporation ("APE"), was and is a corporation organized under the laws of the State of New York.

23. Defendant, JENNIFER ANDERSON, an individual ("Jennifer Anderson"), is an individual residing in New York.

24. Defendant, JUDITH ANDERSON, an individual ("Judith Anderson"), is an individual residing in New York.

25. Defendant, JOHN DOLIAS, an individual ("John Dolias"), is an individual whose residence is unknown.

/ / /

26. Defendant, ANTHONY PIAZZA, an individual, ("Anthony Piazza"), is an individual whose residence is unknown.

27. Defendant, MERCATOR MARINE CO., LTD., an unknown entity ("Mercator Marine"), is an unknown business entity.

28. Defendant, TURBOPROP EAST, INC., a Massachusetts corporation qualified to do business in New York ("TurboProp"), was and is a corporation organized under the laws of the State of Massachusetts.

29. Defendant, GENERAL HERKIMER, CORPORATION, a New York corporation ("General Herkimer"), was and is a corporation organized under the laws of the State of New York.

30. Defendant, BAYVIEW LABOR ORGANIZATIONAL BENEFITS, INC., a California corporation ("Bayview"), was and is a corporation organized under the laws of the State of California.

31. Defendant, ASKEW KABALA & COMPANY, INC., a California corporation ("Askew Kabala"), was and is a corporation organized under the laws of the State of New York.

32. The Defendants and each of them are "insiders" as that term is defined pursuant to 11 U.S.C. § 101(31).

## FACTUAL BACKGROUND

33. The Debtors operated various forms of employee management businesses, including a professional employers organization ("PEO"), which leased or provided labor to its customers. As part of its contractual obligations, the Debtors were required to provide workers' compensation insurance for these employees.

34. The Debtors business was volume in nature and they each generated millions of dollars in annual revenues.

35. During the four year period prior to the commencement of these bankruptcy cases, the Debtors made multiple transfers of property, including cash, to or for the

5

benefit of Defendants. Based on investigations by the Trustee and the Court-appointed Examiner, the total of these transfers is identified in Exhibit "1."

36. In addition to the transfers identified in Exhibit "1," the Defendants owe money to the Debtors based on contracts and/or money had and received.

37. By this complaint, the Trustee seeks to recover the Transfers identified in Exhibit "1" together with any monies owed by Defendants to the Debtors.

## FIRST CLAIM FOR RELIEF

(For Avoidance and Recovery of Fraudulent Transfers

Against All Defendants)

38. Plaintiff realleges and incorporates herein by this reference, the allegations contained in paragraphs 1 through 37 inclusive as though fully set forth herein.

39. Plaintiff is informed and believes and thereon alleges that, prior to the commencement of these cases, the Debtors engaged in engaged in a systematic process of transferring, concealing, spending, and dissipating Debtors' assets with the actual intent of hindering, delaying, and defrauding its creditors by making the transfers identified on Exhibit "1."

40. Plaintiff is informed and believes and thereon alleges that, prior to the commencement of these cases, the Debtors engaged in engaged in a systematic process of transferring, concealing, spending, and dissipating Debtors' assets without receiving reasonably equivalent value for the transfers identified on Exhibit "1."

41. Plaintiff is informed and believes and thereon alleges that the Debtors were insolvent at the time that the transfers identified on Exhibit "1" were made.

42. Plaintiff is informed and believes and thereon alleges that the Debtors were rendered insolvent as a result of the transfers identified on Exhibit "1."

43. The Trustee may avoid the Transfers under either 11 U.S.C. § 544 and California Civil Code § 3439 *et seq.* or, in the alternative, pursuant to 11 U.S.C. § 548.

/ / /

/ / /

6

1     44.    To the extent any transfers are avoided, the Trustee may recover such property for the benefit of the creditors of these substantively consolidated estates or, in the alternative, the value of such transfers pursuant to 11 U.S.C. § 550.

## SECOND CLAIM FOR RELIEF

(For Avoidance and Recovery of Preferential Transfers

Against All Defendants)

45.    Plaintiff realleges and incorporates herein by this reference, the allegations contained in paragraphs 1 through 37 inclusive as though fully set forth herein.

46.    Within the one year period before the filing of the voluntary petition, property of the Debtor was transferred to or for the benefit of Defendants in amounts exceeding those identified on Exhibit "1." The exact amount transferred to each Defendant will be proven at the time of trial.

47.    To the extent that the transfers made to the Defendants during the one year period prior to bankruptcy were not fraudulent transfers, the Trustee alleges that each Defendant was a creditor of the Debtor and that such transfers were made: (a) for or on account of antecedent debts owed by the Debtor; and (b) while the Debtors were insolvent.

48.    Each transfer sought to be avoided by this claim for relief allowed such Defendant to receive more than it/he/she would have received as creditors in these case under Chapter 7 of the Bankruptcy Code if the Transfers had not been made and the Defendants had received payment of such debts to the extent provided by the provisions of Title 11 of the United States Code.

49.    Each transfer sought to be avoided by this claim for relief may be avoided as preferential transfers under 11 U.S.C. § 547, and may be recovered by the Trustee in accordance with 11 U.S.C. § 550.

/ / /

/ / /

/ / /

/ / /

## THIRD CLAIM FOR RELIEF

(For Breach of Contract - Against All Defendants)

50. Plaintiff realleges and incorporates herein by this reference, the allegations contained in paragraphs 1 through 37 inclusive as though fully set forth herein.

51. Some or all of the Defendants had valid and enforceable contracts with the Debtors.

52. Pursuant to such contracts, Defendants are obligated to pay Debtors various amounts including the following:

| | | |
|---|---|---:|
| A. | R. J. Anderson (London) | $700,020 |
| B. | Gresham North American | 1,174,831 |
| C. | Gresham Marine Services | 360,279 |
| D. | APE | 70,154 |

53. The Debtors had the ability and either performed or had the ability to perform all obligations imposed upon it pursuant to such contracts unless such performance was excused.

54. Defendants' failure to pay Debtors is unjustified and has not been excused.

55. Debtors have been damaged by the Defendants' failure and refusal to pay the amounts due pursuant to such contracts.

## FOURTH CLAIM FOR RELIEF

(For Common Count Money Had and Received - Against All Defendants)

56. Plaintiff realleges and incorporates herein by this reference, the allegations contained in paragraphs 1 through 37 inclusive as though fully set forth herein.

57. During the four year period prior to bankruptcy, Defendants received at least the amounts identified on Exhibit "1."

58. Notwithstanding demand, neither the whole nor any part of such sums have been repaid.

/ / /

59. The Trustee is entitled to Judgment in amounts equal to the money received by each Defendant from the Debtors.

### FIFTH CLAIM FOR RELIEF

(For Disallowance of Claim - Against All Defendants)

60. Plaintiff realleges and incorporates herein by this reference, the allegations contained in paragraphs 1 through 37 inclusive as though fully set forth herein.

61. To the extent any Defendant holds an alleged claim against these consolidated estates, such claim(s) must be disallowed unless and until Defendants repay any transfer(s) avoided herein or turnover any property belonging to the Debtors' estates.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

ON THE FIRST AND SECOND CLAIMS FOR RELIEF:

1. For entry of Judgment avoiding the transfers identified on Exhibit "1;"

2. For entry of Judgment declaring that the Trustee may recover any such avoided transfer or the value thereof;

ON THE THIRD AND FOURTH CLAIM FOR RELIEF:

3. For entry of money Judgment(s) against each Defendant proven to have breached a contract or to have liability for return of any funds alleged herein;

ON ALL CLAIMS FOR RELIEF:

4. For costs of suit herein;

5. For such other and further relief as the Court deems appropriate.

DATED: April 3, 2009

Respectfully submitted,

RUS, MILIBAND & SMITH
A Professional Corporation

By: *D. Edward Hays*
D. EDWARD HAYS
Attorneys for Chapter 7 Trustee
KAREN S. NAYLOR

CEMS
Insider - Summary of Receipts and Disbursements

| Defendant | Insider/Affiliate | Disbursements | Received During 90 Days |
|---|---|---|---|
| 1 | Robert Anderson Jr. | 2,164,344.08 | 245,023.39 |
| 2 | Robert Anderson Sr. | 2,105,104.91 | 188.34 |
| 3 | Anderson Executive Air | 77,956.88 | |
| 4 | Gresham Insurance Brokers | 1,246,600.00 | |
| 5 | Gresham Marine Services | 360,279.00 | 260,279.00 |
| 6 | Gresham North America | 5,078,718.53 | 15,000.00 |
| 7 | Nexus Network | 26,784.00 | 3,361.49 |
| 8 | RJ Anderson (London), Ltd | 700,020.00 | |
| 9 | Robert J. Anderson, Inc. | Unknown | Unknown |
| 10 | Summit Park, LLC | 4,078,086.16 | 140,262.80 |
| 11 | Village Motors | 115,000.00 | 75,000.00 |
| 12 | AMS | $2,400,000.00 | |
| 13 | APE | 1,809,107.59 | |
| 14 | Jennifer Anderson | 31,400.00 | 4,600.00 |
| 15 | Judith Anderson | 101,500.00 | 7,500.00 |
| 16 | John Dolias (GNA) | 335,279.00 | 136,448.00 |
| 17 | Anthony Piazza (GNA) | 335,279.00 | 136,448.00 |
| 18 | Mercator Marino (GNA) | 45,000.00 | |
| 19 | Turboprop East (GNA) | 13,435.72 | 13,435.72 |
| 20 | General Herkimer | 275,760.15 | 45,612.79 |
| 21 | Bayview Labor Org | 17,275.00 | |
| 22 | Askew Kabala (GNA) | 50,000.00 | 15,000.00 |
| | Totals | $21,366,930.02 | $1,098,159.53 |

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>KAREN NAYLOR, Chapter 7 Trustee of the substantively consolidated Bankruptcy Estates of CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, INC., COASTAL EMPLOYERS, INC., a N.Y. corp., and COASTAL EMPLOYERS, INC., a Calif. corp. | **DEFENDANTS**<br>ROBERT J. ANDERSON, JR., et al. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>D. EDWARD HAYS #162507<br>RUS, MILIBAND & SMITH, APC<br>2211 MICHELSON DRIVE<br>IRVINE, CA  92612<br>(949) 752-7100 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[X] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor    [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [X] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS, BREACH OF CONTRACT, COMMON COUNTS; AND DISALLOWANCE OF CLAIMS

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[ ] 13-Recovery of money/property - §548 fraudulent transfer
[1] 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
[ ] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
[ ] 71-Injunctive relief – imposition of stay
[ ] 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
[2] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [X] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ 21,400,000.00 |

Other Relief Sought  Reasonable attorneys' fees and costs of suit.

B104

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, INC. | BANKRUPTCY CASE NO.<br>8:07-bk-10992-RK | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>SANTA ANA | NAME OF JUDGE<br>ROBERT N. KWAN |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| *D. Edward Hays* (signature) | |
| DATE<br>APRIL 3, 2009 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>D. EDWARD HAYS #162507 |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone and Fax Number, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| D. EDWARD HAYS #162507<br>RUS, MILIBAND & SMITH, APC<br>2211 MICHELSON DRIVE<br>SEVENTH FLOOR<br>IRVINE, CA  92612<br>(949) 752-7100<br>Fax No.: (949) 252-1514<br>Bar No.: 162507<br>*Attorney for Plaintiff* KAREN NAYLOR, Chapter 7 TRUSTEE | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA**

| In re: CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, INC., a California corporation, COASTAL EMPLOYERS, INC., a New York corporation, and COASTAL EMPLOYERS, INC., a California corporation,<br>Debtor. | CHAPTER 7<br>CASE NUMBER  8:07-bk-10992-RK<br>ADVERSARY NUMBER |
|---|---|
| KAREN NAYLOR, Chapter 7 TRUSTEE of the substantively consolidated Bankruptcy Estates of CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, INC. COASTAL EMPLOYERS, INC., a N.Y. corp, COASTAL EMPLOYERS, INC., a Calif. corp.  Plaintiff(s), vs. ROBERT J. ANDERSON, JR., et al.<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|
| ☐ 255 East Temple Street, Los Angeles | | ☒ 411 West Fourth Street, Santa Ana | |
| ☐ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

JON D. CERETTO
**Clerk of the Bankruptcy Court**

By: _____
**Deputy Clerk**

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Revised December 1998 (COA-SA)    **F 7004-1**

F 7004-1

| In re CONSOLIDATED EMPLOYER MANAGEMENT SOLUTIONS, INC., a California corporation, COASTAL EMPLOYERS, INC., a New York corporation, and COASTAL EMPLOYERS, INC., a California corporation,                                     Debtor. | CHAPTER 7<br>CASE NUMBER 8:07-bk-10992-RK |
|---|---|

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF _____

1. I am employed in the County of _____, State of California. I am over the age of 18 and not a party to the within action. My business address is as follows:

2. ☐ **Regular Mail Service:** On _____, I served the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, on the Defendant(s) at the following address(es) by placing a true and correct copy thereof in a sealed envelope with postage thereon fully prepaid in the United States Mail at _____, California, addressed as set forth below.

3. ☐ **Personal Service:** On _____, personal service of the foregoing Summons and Notice of Status Conference (and any instructions attached thereto), together with the Complaint filed in this proceeding, was made on the Defendant(s) at the address(es) set forth below.

4. Defendant(s) and address(es) upon which service was made:

☐ Names and Addresses continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:

_____        _____
Type Name                              Signature